# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PROFESSIONAL HOLDINGS UNLIMITED, LLC,

      Plaintiff,

v.

CLEAR IMAGING, LLC, HORIZON IMAGING,
LLC, CORKAT, LLC, BEARON IMAGING, LLC,
GLOBAL MANAGEMENT PARTNERS, LLC,
MANN GLOBAL, LLC, CORY MANN and SCOTT ZACK,

      Defendants.

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, PROFESSIONAL HOLDINGS UNLIMITED, LLC, by and through Counsel, and states as follows:

## JURISDICTION AND VENUE

1.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332. Complete diversity of citizenship exists because Plaintiff is a Florida limited liability company, whose member is a citizen of the State of Florida and because the individual Defendants, and the members of the limited liability company Defendants, are citizens of Michigan.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

3.      Personal jurisdiction is proper in this judicial district because Defendants reside in and transact business in this District.

4.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

## THE PARTIES

5.      Plaintiff Professional Holdings Unlimited, LLC ("PHU") is a Florida limited liability company.

6.      The sole member of PHU is Celentano Consulting Company, LLC ("CCC").

7.      CCC is a Florida limited liability company.

8.      The only members of CCC are Vincent Celentano and SID Holdings, LLC ("SID Holdings").

9.      Vincent Celentano is a citizen of the State of Florida.

10.     SID Holdings is a Delaware limited liability company whose sole member is JK Family Support Trust.

11.     The trustee of JK Family Support Trust is Mary Rose Thompson.

12.     Defendant Clear Imaging, LLC ("Clear") is a Michigan limited liability company, which conducts business in Oakland County, Michigan.

13.     Upon information and belief, the only members of Clear are Defendant Corkat, LLC ("Corkat") and Defendant Bearon Imaging, LLC ("Bearon" or "Bearon Imaging").

14.     Defendant Corkat is a Michigan limited liability company, which conducts business in Oakland County, Michigan.

15.     Upon information and belief, the only members of Corkat are Defendant Cory J. Mann and Joshua Katke.

16.     Upon information and belief, Joshua Katke, who is not identified as a defendant in this Complaint, is a resident of Oakland County and a citizen of the State of Michigan.

17.     Defendant Cory J. Mann is a resident of Oakland County and a citizen of the State of Michigan.

18.     Defendant Bearon is a Michigan limited liability company, which conducts business in Oakland County, Michigan.

19.     Upon information and belief, the sole member of Bearon is Defendant Scott Zack.

20.     Upon information and belief, Defendant Scott Zack is a resident of Oakland County and a citizen of the State of Michigan.

3

21.     Defendant Horizon Imaging, LLC ("Horizon") is a Michigan limited liability company, which conducts business in Oakland County, Michigan.

22.     The members of Horizon are HI Investor, LLC ("HI Investor"), Defendant Global Management Partners, LLC ("Global Management" or "Global Management Partners") and Defendant Mann Global, LLC ("Mann Global").

23.     HI Investor is a Michigan limited liability company, which conducts business in Oakland County, Michigan.

24.     Upon information and belief, the sole member of HI Investor is Mark Radom, who is not identified as a defendant in this Complaint.

25.     Upon information and belief, Mark Radom is a resident of Oakland County and a citizen of the State of Michigan.

26.     Defendant Global Management is a Michigan limited liability company, which conducts business in Oakland County, Michigan.

27.     Upon information and belief, the sole member of Global Management is Defendant Scott Zack, who is a resident of Oakland County and a citizen of the State of Michigan.

28.     Defendant Mann Global is a Michigan limited liability company, which conducts business in Oakland County, Michigan.

29.     The sole member of Mann Global is Defendant Cory J. Mann, who is a resident of Oakland County and a citizen of the State of Michigan.

4

## RELEVANT FACTS

30. Clear was formed on May 11, 2007.

31. A Second Amended and Restated Operating Agreement for Clear was executed and became effective on June 1, 2011.

32. Horizon was formed on July 8, 2009.

33. Horizon's Operating Agreement was executed and became effective on January 11, 2011.

34. On July 1, 2013, Plaintiff PHU executed Assignment and Assumption Agreements with Corkat, Bearon, Clear, HI Investor, Global Management, Mann Global, and Horizon, to provide for the assignment of certain assets and accounts receivable and to set forth certain other rights and obligations.

### Defendants Have Breached the Assignment and Assumption Agreement Regarding Clear's Accounts Receivable

35. The "Clear Imaging Assignment Agreement," executed on July 1, 2013, by and between Clear, Corkat, and Bearon, relates to the parties' rights and obligations regarding Clear.

36. The Clear Imaging Assignment Agreement states that: "Clear hereby assigns to PHU, and PHU hereby accepts and assumes fifty percent (50%) of the net collections of account receivables of Clear for services rendered on or before July 1, 2013.…" (Clear Imaging Assignment Agreement, ¶ 2).

5

37.     Clear is required to make weekly distributions to PHU of collections. (Id.).

38.     Bearon and Corkat jointly, and PHU are required to bear the "costs and expenses associated with their respective collections on accounts receivables, including but not limited to all attorney fees, court costs, and other customary costs of billing and collection." (Id.).

39.     The Agreement states that "[e]xtraordinary and/or unusual costs shall require the mutual agreement of the Parties." (Id.).

40.     Since July 1, 2013, Clear, which is managed and/or controlled by Cory J. Mann and Scott Zack, has not made required distributions to PHU.

41.     Defendants Cory J. Mann, Scott Zack, Clear, Corkat, and Bearon, have received funds from the collection of accounts receivable and have failed to properly account for and provide the amounts due to PHU.

42.     Upon information and belief, Defendants have caused Clear to incur extraordinary and unusual costs, including costs which did not benefit PHU, without seeking or obtaining the mutual agreement of PHU

43.     In addition to distributing a percentage of collections to PHU, the Clear Imaging Assignment Agreement states that Defendants shall provide PHU with "unfettered access to the records of Clear relating to billing and collection associated with the accounts receivable from which PHU is entitled to collections

[including] but not be limited to … access to the bank accounts where the collections from the receivables are deposited, access to all EOBs, settlement statements and all billing and collection data for reporting and reconciling purposes." (Clear Imaging Assignment Agreement, ¶ 2).

44.    Clear has repeatedly denied PHU access to the records relating to billing and collection associated with the relevant accounts receivable.

### Defendants Have Breached the Assignment and Assumption Agreement Regarding Horizon's Accounts Receivable

45.    The "Horizon Imaging Assignment Agreement," executed on July 1, 2013 by and between Horizon, Global Management Partners, Mann Global, and HI Investor, relates to the rights and obligations regarding Horizon.

46.    The Horizon Imaging Assignment Agreement states that "Horizon hereby assigns to PHU and PHU hereby accepts and assumes thirty one percent (31%) of all collections for Services rendered on or before July 1, 2013, net of any and all collection expenses from accounts receivables of Horizon." (Horizon Imaging Assignment Agreement, ¶ 2).

47.    Horizon is required to make weekly distributions of such collections. (Id.).

48.    Global and Mann jointly, and PHU are required to "bear the costs and expenses associated with their respective collections on accounts receivables,

7

including but not limited to all attorney fees, court costs, and other customary costs of billing and collection." (Id.).

49.    The Agreement further specifies that "[e]xtraordinary and/or unusual costs shall require the mutual agreement of the Parties." (Id.).

50.    Since July 1, 2013, Horizon, which is managed and/or controlled by Cory J. Mann and Scott Zack, has not made required distributions to PHU.

51.    Defendants Horizon, Global Management Partners, Mann Global, Cory J. Mann and Scott Zack, have received funds from the collection of accounts receivable and have failed to properly account for and provide the amounts due to PHU.

52.    Upon information and belief, Defendants have caused Horizon to incur extraordinary and unusual costs, including costs which did not benefit PHU, without seeking or obtaining the mutual agreement of PHU.

53.    In addition to weekly distributions to PHU of collections, the Horizon Imaging Assignment Agreement also provides that Defendants shall provide PHU with "unfettered access to the records of Horizon relating to billing and collection associated with the accounts receivable from which PHU is entitled to collections [including] but not be limited to...access to the bank accounts where the collections from the receivables are deposited, access to all EOBs, settlement statements and

all billing and collection data for reporting and reconciling purposes." (Horizon Imaging Assignment Agreement, ¶ 2).

54.     Horizon has repeatedly denied PHU access to the billing and collection records associated with the relevant accounts receivable.

**Defendants Have Breached the Assignment and Assumption Agreements and Acted in Bad Faith by Entering into Settlement Agreements Which Solely Benefit Defendants and Prevent PHU from Receiving Distributions for Collections**

55.     Upon information and belief, in late 2015, Defendants Clear, Horizon, Mann and Zack entered into an agreement with Allstate Insurance Company (the "Allstate Agreement").

56.     The Allstate Agreement was entered into as part of the settlement of a lawsuit in which Allstate sued multiple defendants, including Clear, Horizon, Mann and Zack.

57.     Upon information and belief, under the Allstate Agreement, Defendants Clear, Mann and Zack forfeited Clear's right to collect the Allstate accounts receivable set forth in the Clear Imaging Assignment Agreement.

58.     Upon information and belief, in exchange for agreeing not to collect the Allstate-related accounts receivable of Clear for services rendered on or before July 1, 2013, Defendants Clear, Mann and Zack obtained the right to bill Allstate at favorable rates in the future for accounts receivable outside the scope of the Clear Imaging Assignment Agreement.

59.    Stated another way, the Defendants exchanged the accounts receivable from which PHU would receive its distributions for future collections that would solely benefit Defendants.

60.    Upon information and belief, in exchange for foregoing the collection of accounts receivable to which PHU had an interest, Defendants Clear, Horizon, Mann and Zack received a release of all claims by Allstate against Defendants Clear, Horizon, Mann and Zack.

61.    Upon information and belief, Defendants Clear, Horizon, Mann and Zack did not seek or obtain releases of any claims by Allstate against PHU and its members, employees, agents or affiliates. In essence, Defendants used money rightfully due to PHU to obtain releases for themselves but not for PHU and its affiliates.

## COUNT I – BREACH OF CONTRACT REGARDING CLEAR IMAGING
### (Against Clear Imaging, LLC, Corkat, LLC, and Bearon Imaging, LLC)

62.    The preceding paragraphs are repeated and realleged as if fully set forth herein.

63.    The Defendants have breached and continue to breach the Clear Imaging Assignment Agreement by, among other things:

   a.  Failing to make required distributions to PHU;

   b.  Denying PHU access to the records of Clear relating to billing and collections;

10

    c.   Causing Clear to incur extraordinary costs and expenses, including costs and expenses that solely benefited Defendants, without seeking or obtaining the consent of PHU; and,

    d.   Forfeiting the accounts receivable from which PHU is entitled to collections in exchange for benefits provided solely to Defendants.

64.    PHU has been damaged as a result of Defendants' breach of the Clear Imaging Assignment Agreement.

65.    PHU is entitled to recover from the Defendants for the damages it sustained, including distributions that were not made since July 1, 2013.

66.    By surreptitiously trading Plaintiff's right to collections for liability releases and potential future profit valuable only to Defendants, Defendants frustrated the purpose of the parties' agreements and violated the implied covenant of good faith and fair dealing.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against Defendants Clear, Corkat, and Bearon in the amount to which Plaintiff is found to be entitled, plus interest, costs, and attorney fees, as well as any other legal or equitable relief the Court deems appropriate.

## COUNT II – SPECIFIC PERFORMANCE
## REGARDING CLEAR IMAGING, LLC
**(Against Clear Imaging, LLC, Corkat, LLC, Bearon Imaging, LLC, Cory J. Mann and Scott Zack)**

67.     The preceding paragraphs are repeated and realleged as if fully set forth herein.

68.     The ongoing breach of the Clear Imaging Assignment Agreement has caused and will continue to cause harm to PHU.

69.     Since the harm is ongoing, specific performance, as specified below, is appropriate.

70.     PHU has no adequate remedy at law. Only through the equitable powers of this court can PHU be restored to its full lawful rights to receive collections for accounts receivable of Clear.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court order Defendants Clear, Corkat, Bearon, Mann and Zack to:

a.  Give PHU unfettered access to the records of Clear relating to billing and collections;

b.  Pay all unpaid distributions;

c.  Retain the accounts receivable from which PHU is entitled to collections unless and until the parties reach a mutual agreement for their disposition;

12

    d.  Distribute all required payments to Plaintiff pursuant to the Clear Imaging Assignment Agreement; and,

    e.  Refrain from any additional forfeiture of PHU's interest in collections.

## COUNT III – UNJUST ENRICHMENT REGARDING CLEAR IMAGING
### (Against Clear Imaging, LLC, Corkat, LLC, Bearon Imaging, LLC, Cory J. Mann and Scott Zack)

71.    The preceding paragraphs are repeated and realleged as if fully set forth herein.

72.    This claim is brought against Clear, Corkat, and Bearon, in the alternative to the contract claim.

73.    This claim is brought against Defendants Cory J. Mann, Scott Zack, Clear, Corkat, and Bearon, because they have been unjustly enriched by their receipt and retention of moneys which should have been provided to PHU and by their self-dealing with Allstate which benefited the Defendants while harming PHU.

74.    Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

75.    It is inequitable for Defendants to be permitted to retain the benefits they received, and are still receiving, without justification, to the detriment of PHU. Defendants' retention of such benefits, under circumstances making it inequitable to do so, constitutes unjust enrichment.

76.    The financial benefits derived by Defendants rightfully belong to PHU. Defendants should be compelled to disgorge all inequitable proceeds received by them.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against Defendants Clear Imaging, LLC, Corkat, LLC, Bearon Imaging, LLC, Cory J. Mann and Scott Zack in the amount to which Plaintiff is found to be entitled, plus interest, costs, and attorney fees, as well as any other legal or equitable relief the Court deems appropriate.

### COUNT IV – COMMON LAW AND
### STATUTORY CONVERSION REGARDING CLEAR IMAGING
**(Against Clear Imaging, LLC, Corkat, LLC, Bearon Imaging, LLC, Cory J. Mann and Scott Zack)**

77.    The preceding paragraphs are repeated and realleged as if fully set forth herein.

78.    Pursuant to the Clear Imaging Assignment Agreement, PHU has a right to 50% of the net collections for services rendered before July 1, 2013.

79.    Defendants are liable for common law conversion because they wrongfully misappropriated Plaintiff's share in the collections for their own benefit, and by so doing, wrongfully exercised dominion and control over those moneys and have converted the same for their benefit, to the Plaintiff's detriment.

80.    Defendants wrongfully misappropriated Plaintiff's share in the collections for their own benefit, and by so doing, wrongfully exercised dominion

14

and control over those moneys and have converted the same for their benefit, in violation of MCL 600.2919a, which provides, in relevant part, that a person may recover damages for "[a]nother person's ... converting property to the other person's own use."

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a trebled judgment against Defendants Clear Imaging, LLC, Corkat, LLC, Bearon Imaging, LLC, Cory J. Mann and Scott Zack in the amount to which Plaintiff is found to be entitled, plus interest, costs, and attorney fees, as well as any other legal or equitable relief the Court deems appropriate.

## COUNT V – BREACH OF FIDUCIARY DUTY
### (Against Clear Imaging, LLC, Corkat, LLC, Bearon Imaging, LLC, Cory J. Mann and Scott Zack)

81.    The preceding paragraphs are repeated and realleged as if fully set forth herein.

82.    Defendants Corkat and Bearon hold or control all membership interests in Clear.

83.    PHU owns fifty percent (50%) of the net collections of accounts receivable of Clear for services rendered on or before July 1, 2013.

84.    Defendants Clear, Corkat, Bearon, Cory J. Mann (as member of Corkat) and Scott Zack (as member of Bearon) ("the Clear Imaging Fiduciary

Breach Defendants") stand in a relationship of trust to PHU, which holds no controlling interest in Clear.

85.   The Clear Imaging Fiduciary Breach Defendants owe fiduciary duties to PHU.

86.   It is inherent in the fiduciary duties that the Clear Imaging Fiduciary Breach Defendants owe to PHU that the Clear Imaging Fiduciary Breach Defendants not exalt their interests above the interests of PHU, not unjustly enrich themselves at the expense of or to the detriment of PHU and not enter into an agreement to sell or otherwise barter away PHU's interest in collections without obtaining reasonable value for PHU in exchange.

87.   The Clear Imaging Fiduciary Breach Defendants breached their fiduciary duties to PHU when they traded PHU's interest in the collections of accounts receivable of Clear to Allstate in exchange for the right to advantageous future profits from Allstate and for liability releases, which released only the Clear Imaging Fiduciary Breach Defendants.

88.   As a direct and proximate result of the Clear Imaging Fiduciary Breach Defendants' breaches of fiduciary duties, PHU has sustained and will sustain damages by losing its right to these valuable collections without receiving anything in return. PHU will be irreparably harmed by the Clear Imaging Fiduciary

Breach Defendants' failure to obtain reasonable value for PHU for its interest in the collections.

89.    PHU has no adequate remedy at law for these breaches of fiduciary duties. Only through the equitable powers of this court can PHU be restored to its full lawful rights to receive collections for accounts receivable of Clear.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against the Clear Imaging Fiduciary Breach Defendants in the amount to which Plaintiff is found to be entitled, plus interest, costs, and attorney fees, as well as any other legal or equitable relief the Court deems appropriate.

<u>**COUNT VI – BREACH OF CONTRACT**</u>
<u>**REGARDING HORIZON**</u>
**(Against Horizon Imaging, LLC, Global Management**
**Partners, LLC and Mann Global, LLC)**

90.    The preceding paragraphs are repeated and realleged as if fully set forth herein.

91.    The Defendants have breached and continue to breach the Horizon Imaging Assignment Agreement by, among other things:

  a.  Failing to make required distributions to PHU;

  b.  Denying PHU access to the records of Horizon relating to billing and collections;

    c.  Causing Horizon to incur extraordinary costs and expenses, including costs and expenses that solely benefited Defendants, without seeking or obtaining the consent of PHU; and,

    d.  Forfeiting the accounts receivable from which PHU is entitled to collections in exchange for benefits provided solely to Defendants.

92.    PHU has been damaged as a result of Defendants' breach of the Horizon Imaging Assignment Agreement.

93.    PHU is entitled to recover from the Defendants for the damages it sustained, including distributions that were not made since July 1, 2013.

94.    By surreptitiously trading Plaintiff's right to collections for liability releases and potential future profit valuable only to Defendants, Defendants frustrated the purpose of the parties' agreement and violated the implied covenant of good faith and fair dealing.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against Defendants Horizon Imaging, LLC, Global Management Partners, LLC and Mann Global, LLC, in the amount to which Plaintiff is found to be entitled, plus interest, costs, and attorney fees, as well as any other legal or equitable relief the Court deems appropriate.

## COUNT VII – SPECIFIC PERFORMANCE
## REGARDING HORIZON IMAGING
### (Against Horizon Imaging, LLC, Global Management Partners, LLC, Mann Global, LLC, Cory J. Mann and Scott Zack)

95.     The preceding paragraphs are repeated and realleged as if fully set forth herein.

96.     The ongoing breach of the Horizon Imaging Assignment Agreement has caused and will continue to cause harm to the PHU

97.     Since the harm is ongoing, specific performance, as specified below, is appropriate.

98.     PHU has no adequate remedy at law. Only through the equitable powers of this court can PHU be restored to its full lawful rights to receive collections for accounts receivable of Horizon.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court order Defendants Horizon Imaging, LLC, Global Management Partners, LLC, Mann Global, LLC, Cory J. Mann and Scott Zack to:

a. Give PHU unfettered access to the records of Horizon relating to billing and collections;

b. Pay all unpaid distributions;

c. Retain the accounts receivable from which PHU is entitled to collections unless and until the parties reach a mutual agreement for their disposition;

19

d.  Distribute all required payments to Plaintiff pursuant to the Horizon

Imaging Assignment Agreement; and,

e.  Refrain from any additional forfeiture of PHU's interest in collections.

**COUNT VIII – UNJUST ENRICHMENT**
**REGARDING HORIZON**
**(Against Horizon Imaging, LLC, Global Management**
**Partners, LLC, Mann Global, LLC, Cory J. Mann and Scott Zack)**

99.    The preceding paragraphs are repeated and realleged as if fully set forth herein.

100.  This claim is brought against Horizon Imaging, LLC, Global Management Partners, LLC and Mann Global, LLC, in the alternative to the contract claim.

101.  This claim is brought against Defendants Horizon Imaging, LLC, Global Management Partners, LLC, Mann Global, LLC, Cory J. Mann and Scott Zack, because they have been unjustly enriched by their receipt and retention of moneys which should have been provided to PHU and by their self-dealing with Allstate which benefited the Defendants, as set forth above, while harming PHU.

102.  Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

103.  It is inequitable for Defendants to be permitted to retain the benefits they received, and are still receiving, without justification, to the detriment of

PHU. Defendants' retention of such benefits under circumstances making it inequitable to do so constitutes unjust enrichment.

104.   The financial benefits derived by Defendants rightfully belong to PHU. Defendants should be compelled to disgorge all wrongful or inequitable proceeds received by them.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against Defendants Horizon Imaging, LLC, Global Management Partners, LLC, Mann Global, LLC, Cory J. Mann and Scott Zack in the amount to which Plaintiff is found to be entitled, plus interest, costs, and attorney fees, as well as any other legal or equitable relief the Court deems appropriate.

## COUNT IX – COMMON LAW AND STATUTORY CONVERSION REGARDING HORIZON
### (Against Horizon Imaging, LLC, Global Management Partners, LLC, Mann Global, LLC, Cory J. Mann and Scott Zack)

105.   The preceding paragraphs are repeated and realleged as if fully set forth herein.

106.   Pursuant to the Horizon Imaging Assignment Agreement, Plaintiff has a right to 31% of all collections for services rendered before July 1, 2013.

107.   Defendants are liable for common law conversion because they wrongfully misappropriated Plaintiff's share in the collections for their own benefit, and by so doing, wrongfully exercised dominion and control over those moneys and have converted the same for their benefit, to the Plaintiff's detriment.

108.   Defendants wrongfully misappropriated Plaintiff's share in the collections for their own benefit, and by so doing, wrongfully exercised dominion and control over those moneys and have converted the same for their benefit, in violation of MCL 600.2919a, which provides, in relevant part, that a person may recover damages for "[a]nother person's … converting property to the other person's own use."

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a trebled judgment against Defendants Horizon Imaging, LLC, Global Management Partners, LLC, Mann Global, LLC, Cory J. Mann and Scott Zack in the amount to which Plaintiff is found to be entitled, plus interest, costs, and attorney fees, as well as any other legal or equitable relief the Court deems appropriate.

## COUNT X – BREACH OF FIDUCIARY DUTY
### (Against Horizon Imaging, LLC, Global Management Partners, LLC, Mann Global, LLC, Cory J. Mann and Scott Zack)

109.   The preceding paragraphs are repeated and realleged as if fully set forth herein.

110.   Defendants Global Management and Mann Global hold membership interests in Horizon.

111.   PHU owns thirty-one (31%) of the net collections of accounts receivable of Horizon for services rendered on or before July 1, 2013.

112.   Defendants Horizon, Global Management, Mann Global, Cory J. Mann (as member of Mann Global) and Scott Zack (as member of Global Management) ("the Horizon Imaging Fiduciary Breach Defendants") stand in a relationship of trust to PHU, which holds no controlling interest in Horizon.

113.   The Horizon Imaging Fiduciary Breach Defendants owe fiduciary duties to PHU.

114.   It is inherent in the fiduciary duties that the Horizon Imaging Fiduciary Breach Defendants owe to PHU that the Horizon Imaging Fiduciary Breach Defendants not exalt their interests above the interests of PHU, not unjustly enrich themselves at the expense of or to the detriment of PHU and not enter into an agreement to sell or otherwise barter away PHU's interest in collections without obtaining reasonable value for PHU in exchange.

115.   The Horizon Imaging Fiduciary Breach Defendants breached their fiduciary duties to PHU when they traded PHU's interest in the collections of accounts receivable of Horizon to Allstate in exchange for the right to advantageous future profits from Allstate and for liability releases, which released only the Horizon Imaging Fiduciary Breach Defendants.

116.   As a direct and proximate result of the Horizon Imaging Fiduciary Breach Defendants' breaches of fiduciary duties, PHU has sustained and will sustain damages by losing its right to these valuable collections without receiving

anything in return. PHU will be irreparably harmed by the Horizon Imaging Fiduciary Breach Defendants' failure to obtain reasonable value for PHU for its interest in the collections.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against the Horizon Imaging Fiduciary Breach Defendants in the amount to which Plaintiff is found to be entitled, plus interest, costs, and attorney fees, as well as any other legal or equitable relief the Court deems appropriate.

<div style="margin-left: 40%;">

Respectfully Submitted,

FINK + ASSOCIATES LAW

By: /s/ Darryl Bressack
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave.; Suite 350
Bloomfield Hills, Michigan 48304
Tel: 248.971.2500
Fax: 248.971.2600
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com
nfink@finkandassociateslaw.com

</div>

Dated: February 10, 2016

## **<u>JURY DEMAND</u>**

Plaintiff, Professional Holdings Unlimited, LLC, hereby demands a trial by jury on all matters so triable.

<div align="center"></div>

Respectfully Submitted,

FINK + ASSOCIATES LAW

By: /s/ Darryl Bressack
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave.; Suite 350
Bloomfield Hills, Michigan 48304
Tel: 248.971.2500
Fax: 248.971.2600
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com
nfink@finkandassociateslaw.com

Dated: February 10, 2016